FILED

MAR 21 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

ROYAL FLAVOR PACKING CO.

Debtor.
_____/

Case No. 05-18918-A-7
DC No. DRJ-1

FINDINGS OF FACT AND
CONCLUSIONS OF LAW REGARDING
MOTION OF BATV, INC. FOR
RELIEF FROM THE AUTOMATIC STAY

A hearing was held January 4, 2006, on the Motion of BATV, Inc. ("BATV") for relief from the automatic stay to allow it to complete its pending foreclosure sale of real property collateral. The debtor opposed the motion. The chapter 7 trustee originally opposed the motion, but at the hearing stated the opposition was withdrawn, but that her non-opposition should not be construed as agreement with moving party. Following the hearing, the court took the matter under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (G), and (O).

The original hearing on the motion, which BATV brought on 28 days notice, was held November 30, 2005. Prior to that hearing, the chapter 7 trustee had filed an opposition to the motion, requesting additional time to determine whether she believed there was value in the real property for the bankruptcy estate. As a result, the court continued the hearing from November 30, 2005 to January 4, 2006. No party in interest filed any

documents in connection with this motion after November 23, 2005.

Background Facts.

    This chapter 7 case was filed October 7, 2005. According to BATV, the property that is the subject of the motion (the "Real Property") is an undivided one-half interest in certain real property. According to BATV, it owns the rights of Beneficial California, Inc., under a stipulated judgment (the "Judgment"). The Judgment is secured by a deed of trust encumbering the Real Property (the "Judgment Deed of Trust").

    On or about June 2004, Bernard te Velde acquired ownership of the rights of Betty Jenan under three promissory notes secured by deeds of trust. Bernard te Velde is the owner and president of BATV. Mr. te Velde began foreclosure proceedings on all three notes and deeds of trust, but only concluded a sale on one of them (the "Betty Jenan Deed of Trust"). The Betty Jenan Deed of Trust was executed in January 1992 by Roger L. Jenan and Alan D. Jenan in favor of Betty Jenan and her deceased husband. The Betty Jenan Deed of Trust was recorded in Tulare County, California, on January 24, 1992. Because Roger and Alan Jenan only owned a one-half interest in the Real Property, the Betty Jenan Deed of Trust only encumbered an undivided one-half interest in the Real Property. In December 2004, Bernard te Velde caused a foreclosure sale of the Betty Jenan Deed of Trust to be conducted. He was the successful purchaser of the undivided one-half interest in the Real Property that was collateral for the deed of trust. Therefore, according to BATV, Te Velde owns a one-half interest in the Real Property, and the other one-half interest is that of the bankruptcy estate and is

the subject of this motion.

The Judgment, described above, fixed and liquidated a debt owed by Clarence E. Jenan, Robbie Jenan, Roger Jenan, and Alan Jenan, under a deed of trust which did not encumber the Real Property but rather encumbered an adjoining parcel referred to as "Parcel 2." (That deed of trust is referred to hereafter as the "Parcel 2 Deed of Trust.") Pursuant to the Judgment, the Judgment Deed of Trust was given as additional security for payment of the sums owed under the Judgment.

Bernard te Velde foreclosed on the Parcel 2 Deed of Trust in May 2002, and he and his wife were the successful bidders. After that foreclosure, sums continued to be owed under the Judgment. According to the evidence in support of the motion, the amount owing on the Judgment as of the date the motion was filed, and including interest, fees, and estimated foreclosure expenses, was $466,442.15.

Bernard te Velde, who owns a one-half interest in the Real Property, believes that the Real Property has a fair market value of $925,000 at most, so that the value attributable to the debtor's one-half interest would be, at most, $462,500.

BATV seeks relief from stay under 11 U.S.C. § 362(d)(2), on the grounds that the debtor has no equity in the Real Property and that the Real Property is not necessary for an effective reorganization. Moving party also seeks relief from stay for cause under § 362(d)(1) because of a lack of adequate protection for its interest as co-owner and lienholder in the subject Real Property. The motion asserts that adequate protection would require the trustee to insure the Real Property; evict the

various members of the Jenan family residing on the Real Property; and propose a feasible plan to clean up the Real Property and market it.

The opposition of the debtor states that the value of the Real Property is $2,485,000, and thus the value of the debtor's interest would be $1,242,500.

The opposition also asserts that at the time of the foreclosure on the Betty Jenan Deed of Trust, the indebtedness owing on that deed of trust was zero.

The debtor's assertion about the value of the Real Property is supported by a declaration from Otis Oren Gillis, one of the trustees of the debtor, who states that he has resided on the Real Property for over five years and that he believes the value of the Real Property is at least $2,485,000. He has more assurance in this value because he obtained a statement of a real estate broker to the effect that this Real Property has a value of $2,485,000. Also, Alan Jenan has filed a declaration stating that the value of the Real Property is at least $2,485,000.

In reply, BATV observes that neither the chapter 7 trustee nor the debtor have disputed the existence or the amount of the debt that moving party seeks relief from stay to foreclose. The opposition of the trustee raises the question of value of the Real Property. The debtor's opposition raises the issue of the value of the Real Property and whether BATV really owns a one-half interest in it.

As to whether BATV owns a one-half interest in the Real Property, BATV points out that when Alan Jenan filed bankruptcy in 2000, his schedules of liabilities showed $400,000 owed on the

4

Betty Jenan Deed of Trust. When Roger Jenan filed bankruptcy in 2001, his schedules of liabilities showed $400,000 owed on the Betty Jenan Deed of Trust. Additionally, BATV has filed the declaration of Peter Sherwood, attaching the original declaration of Betty M. Jenan with respect to the amount owing on the deed of trust. According to Betty M. Jenan, the sum secured by the Betty Jenan Deed of Trust remained owing as of May 2004.

With respect to the value of the Real Property, BATV filed a supplemental declaration of Bernard te Velde stating that the broker's price opinion reliefd on by Otis Oren Gillis and Alan Jenan allocates a value of over $1.5 million to so-called "improvements on the property."[1] According to Bernard te Velde, the buildings on the Real Property are in poor condition and there is a great deal of deferred maintenance. He thinks the highest and best use of the Real Property would be to destroy the existing buildings and subdivide the Real Property for single family residential development. Although the buildings themselves are not worthless, the Real Property is worth more without the buildings so that it could be developed. The broker price opinion is that the land and the wells have a value of $963,750. This value is very close to the value that BATV puts on the property of $925,000, and gives additional credence to it. The court finds tht the value of the Real Property is in the range of $925,000 to $964,000, based on the evidence. Thus, the

---

[1] Of course, the broker's price opinion is not evidence because there is no declaration of the broker who prepared the opinion. Rather, Mr. Gillis and Mr. Jenan ask the court to rely on their opinions of value in aid of which they have utilized the broker's price opinion.

debtor has no equity in the Real Property.

Conclusions.

Under 11 U.S.C. § 362(g), the party seeking relief from stay has the burden of proof on the issue of the debtor's equity in property, while the party opposing relief from stay has the burden of proof on all other issues. The court has concluded that relief from stay is appropriate here. First, the debtor has no equity in the Real Property. Further, because this is a chapter 7 case, there is no possibility of an effective reorganization.

Additionally, there is no evidence that the interest of Moving party in the Real Property is adequately protected. The docket does not reflect that the trustee has retained a broker to market and sell the Real Property.[2] The motion asserts that there is no insurance on the Real Property, and the opposition does not contest this.

Therefore, there is cause for relief from the automatic stay.

For the foregoing reasons, the motion will be granted, and the ten day stay of Fed. R. Bankr. P. 4001(a)(3) will be waived.

Counsel for moving party may submit a form of order consistent herewith.

DATED: March 21, 2006.

WHITNEY RIMEL, Judge
United States Bankruptcy Court

---

[2] The trustee filed a Report of No Distribution on February 16, 2006.

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF FRESNO        )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On March 21, 2006, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

David R. Jenkins, Esq.
P. O. Box 1406
Fresno, California 93716

Beth Maxwell Stratton, Esq.
SENG & STRATTON
7415 North Palm Avenue, Suite 101
Fresno, California 93711

Michael Terry Hertz, Esq.
LANG, RICHERT & PATCH
P. O. Box 40012
Fresno, California 93755-0012

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on March 21, 2006, at Fresno, California.

_____
Kathy Torres, PLS